IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CARRA, | : Civ. No. 1:25-CV-1770 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

MEMORANDUM OPINION

I.   Background

This case comes before us for consideration of a motion to dismiss the plaintiff's complaint.[1]  The plaintiff, Michael Carra, filed a complaint challenging the denial of his application for disability benefits.[2]  The Commissioner has moved to dismiss the complaint, arguing that it was not timely filed.[3]

Carra filed his complaint in this district on September 23, 2025, alleging that the Administrative Law Judge denied his application for

---

[1] Doc. 8.
[2] Doc. 1.
[3] Doc. 8.

benefits on May 16, 2025.[4]  The Commissioner's motion asserts that the deadline for filing this civil action was September 19, 2025, within 60 days after the Commissioner's decision becomes final.[5]  Accordingly, the Commissioner argues that Carra's September 23 complaint is untimely and should be dismissed.[6]  In response to the motion, Carra asserts that he initially filed his civil action in the District Court for the Eastern District of Pennsylvania on September 17, 2025, within the 60-day time period, and attaches the docket from that court.[7]

After consideration, we will deny the defendant's motion to dismiss.

## II.  Discussion

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted.[8]  Under federal pleading

---

[4] Doc. 1 ¶ 2.

[5] Doc. 9 at 3-4.

[6] *Id.*

[7] Docs. 10, 10-1.

[8] Fed. R. Civ. P. 12(b)(6).

2

standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[9]

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[10] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[11]    However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[12]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[12] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[13]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[14] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[15] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[16] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[17]

---

[13] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[14] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[15] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[16] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[17] *Jordan*, 20 F.3d at 1261.

Here, the defendant's motion asserts that Carra's appeal is untimely because he filed his complaint in this district on September 23, 2025, four days after the September 19 deadline.[18] The Commissioner further argues that there are no circumstances present to apply equitable tolling.[19] We disagree, and we conclude that equitable tolling should apply to Carra's complaint.

Section 405(g) of the Social Security Act provides that a claimant may obtain judicial review of "any final decision of the Commissioner of Social Security" by commencing a civil action within 60 days of the final decision.[20] In the case of a court remand, the ALJ's decision becomes final 60 days after it is issued if the claimant does not file exceptions with the Appeals Council.[21] This 60-day appeal period operates as a statute of limitations that is subject to traditional equitable tolling principles.[22] As the Supreme Court has noted, the Social Security Act is "a statute that

---

[18] Doc. 9.

[19] *Id.*

[20] 42 U.S.C. § 405(g).

[21] *See* Doc. 9-1, Podraza Decl., ¶ 3; *see also K.K. o/b/o K.S. v. Comm'r of Soc. Sec.*, 2018 WL 1509091, at *3 (D.N.J. Mar. 27, 2018) (concluding that the ALJ's decision became the final decision of the Commissioner after the plaintiff failed to file exceptions to the Appeals Council within 60 days).

[22] *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

Congress designed to be 'unusually protective' of claimants."[23]  Thus, for equitable tolling to apply, a plaintiff must establish one of three circumstances: (1) that the defendant actively misled the plaintiff; (2) that the plaintiff has been prevented from asserting his rights in some extraordinary way; or (3) that the "plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[24]

Here, the ALJ issued a decision denying Carra's application for benefits on May 16, 2025.[25]  Thus, the Commissioner has calculated, and the plaintiff does not dispute, that Carra's deadline to file a civil action was September 19, 2025.[26]  On its face, it would appear that Carra's complaint filed on September 23, 2025, is untimely.  However, it is undisputed that Carra initially filed his complaint in the District Court for the Eastern District of Pennsylvania on September 18, 2025, within the 60-day time period.[27]  Carra was then notified by the Court that

---

[23] *Id.*

[24] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994); *see also Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003).

[25] Doc. 1 ¶ 2; Doc. 9 at 3.

[26] Doc. 9 at 3-4; Doc. 10 at 6-7.

[27] *See* Doc. 10-1; *Carra v. Bisignano*, Civ. No. 2:25-CV-5334.  We may take judicial notice of Carra's case filed in the Eastern District. *See Orabi v.*

venue was improper, and Carra voluntarily withdrew his complaint and refiled in this district just five days later.[28]

Thus, we conclude that even if Carra's complaint in this district was not timely filed, he is entitled to equitable tolling. As we have noted, equitable tolling applies to appeals under Section 405(g) of the Social Security Act, which the Supreme Court noted is "a statute that Congress designed to be 'unusually protective' of claimants."[29] Here, it is clear that Carra meets the third exception for the application of equitable tolling—*i.e.*, he timely asserted his rights in the wrong forum. Once he was notified of the mistake by that court, he promptly took action to file the complaint in the proper forum. Accordingly, we conclude that Carra is entitled to equitable tolling, and the motion to dismiss the appeal as untimely will be denied.

---

*Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[28] *Carra v. Bisignano*, Civ. No. 2:25-CV-5334 (Docs. 4, 5).

[29] *Bowen*, 476 U.S. at 480.

## III.    Conclusion

Accordingly, for the foregoing reasons, the defendant's motion to dismiss will be DENIED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated:  April 16, 2026

8